UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NOVA CASUALTY CO. | CIVIL ACTION |
| VERSUS | NO: 12-1530 |
| ALAN CISCO, ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss for Failure to State a Claim, or Alternatively, for Summary Judgment) (Rec. Doc. 45)** filed by Nova Casualty Co.; **Motion to Dismiss/Motion for Summary Judgment (Rec. Doc. 49)** filed by Aaron Campeaux Towing, LLC. All motions are opposed. The motions, scheduled for submission on August 28, 2013, are before the Court on the briefs without oral argument.

## I. BACKGROUND

Nova Casualty filed this declaratory judgment action against its insured Aaron Campeaux Towing, LLC ("ACT"), and Alan Cisco. Nova Casualty seeks a declaration that its policy does not provide coverage for injuries that Cisco sustained during the 2012 Mardi Gras day parade in Metairie, Louisiana. Nova had in effect at the time of the incident a commercial liability policy issued to ACT. Nova's position is that its policy does not provide coverage for Cisco's injuries because Cisco was ACT's "employee," thereby triggering one of the policy's various employee exclusions. The parties to Nova's declaratory judgment action are completely diverse in citizenship, and after having reviewed Cisco's complaint the Court entertains no doubt as to the question of jurisdictional amount.[1]

ACT filed a counterclaim against Nova seeking declaratory relief as to coverage and

---

[1] Cisco had not filed a lawsuit at the time that Nova filed its complaint in this Court. Nova filed this declaratory judgment complaint after it deposed its insured as part of Nova's investigation into Cisco's accident. (Rec. Doc. 45-3, Campeaux depo at 3). Cisco ultimately filed claims in this litigation seeking to recover against Nova, ACT, and LeTellier.

Nova's defense/indemnity obligations, as well as damages, penalties, and attorney's fees under the Louisiana Insurance Code. (Rec. Doc. 13, Counterclaim).

Again, the dispute arises out of injuries that Alan Cisco sustained on Mardi Gras day in 2012. According to Cisco, on February 21, 2012, Aaron Campeaux, ACT's owner, paid him $100 in cash to provide security for one of ACT's flatbed trucks as it traveled the Metairie parade route. (Rec. Doc. 16, Counterclaim ¶¶ 21-22). Cisco's role was to walk alongside the truck to keep the crowd at bay. Cisco had climbed aboard the truck when it was at a complete stop in order to get water from an ice chest. (*Id.* ¶ 25). Cisco claims that as he was "exiting" the truck to return to the street when the truck's driver, Christiaan LeTellier, "abruptly and violently" accelerated forward without warning causing Cisco to fall into the street.[2] (*Id.*). Cisco claims to have suffered debilitating, permanent injuries to his right knee and leg, and has undergone three surgeries as a result of his injuries. (*Id.* ¶ 26). Cisco filed a counterclaim against Nova Casualty.

ACT's version of events leading up to the incident does not differ significantly from Cisco's. According to ACT, it was under contract with a Jefferson Parish Mardi Gras association to provide towing services and roadside assistance to the organization for the Mardi Gras day parade. (Rec. Doc. 13, Counterclaim ¶ 5). The parade organization allowed ACT to have family and friends ride and throw from one truck driving in the parade but requested for safety reasons that ACT have security alongside the truck to ensure that no one in the crowd was injured. (*Id.*). Aaron Campeaux paid Cisco $100 in cash to work as security.

Cisco has also brought a claim against LeTellier and a claim against ACT. (Rec. Doc. 16

---

[2] This version of how Cisco fell from the truck, which was taken from Cisco's counterclaim, actually differs slightly from the version that Cisco told at his deposition. At his deposition, Cisco testified that he had just taken a drink from the cooler on the flatbed and was thrown off the truck when it started to move. (Rec. Doc. 45-5, Cisco depo at 81-82).

¶¶ 13, 14).

Nova and ACT have now filed their cross motions on the merits of the declaratory judgment action.

## II. DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

ACT had two coverages with Nova that are potentially at issue in this case: Commercial General Liability Coverage and Business Auto Coverage. The General Liability policy has an exclusion for bodily injury arising out of the use of an auto. (Rec. Doc. 47-1 at 52). No party has disputed the applicability of this exclusion.

Nova does not dispute that the truck that Cisco fell from was a covered vehicle under

the Business Auto Coverage, and that his accident falls withing the broad liability coverage for that policy.[3] (Rec. Doc. 47-1 at 96). But Nova cites three exclusions to coverage that it contends apply to Cisco's injuries: Workers' Compensation, Employee Indemnification and Employer's Liability, and Fellow Employee. (*Id.* at 97-98).

Several important principles of Louisiana law govern the coverage analysis in this case. First, an insurance policy is a contract between the insured and the insurer and it has the effect of law between the parties. *Hudson v. Jager Bomb*, LLC, 107 So. 3d 712, 715 (La. App. 2d Cir. 2012). Because an insurance policy is a contract, the rules established for the construction of written instruments apply to contracts of insurance. *Id.* The parties' intent, as reflected by the words of an insurance policy, determines the extent of coverage, and the intent is to be determined in accordance with the plain, ordinary, popular sense of the language used in the policy, unless the words have acquired a technical meaning. *Id.* (*citing Washington v. McCauley*, 62 So. 3d 173 (La. App. 2d Cir. 2011)).

Second, the insurer has the sole burden of establishing that an exclusion to coverage applies. *Veuleman v. Mustang Homes, LLC*, 110 So. 3d 572 (La. 2013) (*citing Blackburn v. Nat'l Union Fire Ins. Co.*, 784 So. 2d 637, 641 (La. 2001)). Moreover, when an exclusion has an exception to it that would allow coverage, the insurer relying on the exclusion has the burden of proving that the exception is *not* met. *Id.*

Next, when a policy of insurance contains a definition of any word or phrase, its definition is controlling. *Smith v. Reliance Ins. Co.*, 807 So. 2d 1010, 1020 (La. App. 5th Cir.

---

[3] Nova has emphasized in its briefing that the truck was serving as a parade float at the time of the incident and was not involved in towing or recovery operations when Cisco fell, but the policy's Coverage section refers to damages resulting from "the ownership, maintenance, or use of covered 'autos," and does not restrict coverage to those times when the vehicle is used in towing or recovery operations or exclude coverage for use in a carnival parade. (Rec. Doc. 47-1 at 96).

2002) (*citing Zanca v. Breaux*, 590 So. 2d 821, 824 (La. App. 4th Cir. 1991)). When the definition is susceptible to more than one reasonable interpretation, it is ambiguous and must be construed in favor of coverage. *Id.* (*citing McCarthy v. Berman*, 668 So. 2d 721, 726 (La. 1996)).

Finally, a policy exclusion must be clearly stated and any ambiguity as to the applicability of a policy exclusion must be interpreted in favor of coverage. *Mistich v. Weeks*, 107 So. 3d 1, 6 (La. App. 3d Cir. 2012) (*quoting La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's*, 616 So. 2d 1250, 1252 (La. 1993)).

With these principles in mind the Court turns to the pertinent policy language beginning with the Workers Compensation exclusion, which excludes coverage for:

> Any obligation for which [ACT] may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

(Rec. Doc. 47-1 at 97).

Cisco is not seeking workers' comp benefits from ACT, and Nova has not demonstrated that ACT may be liable to Cisco under pertinent worker's compensation law. Nova does not really press the issue of this exclusion in its motion for summary judgment, relying more so on the other cited employee exclusions. Nova is not entitled to judgment as a matter of law based on the Workers' Compensation exclusion.

The Employee Indemnification and Employer's Liability exclusion, quoted in pertinent part, excludes coverage for:

> "Bodily injury" to:
> 
> a. An "employee" of [ACT] arising out of and in the course of
> 
>    (1) Employment by [ACT]; or
> 
>    (2) Performing the duties related to the conduct of [ACT]'s business . . . .

5

(Rec. Doc. 47-1 at 98).

The policy defines the term "employee" as follows: "'Employee' includes a 'leased worker.' 'Employee' does not include a 'temporary worker.'" (*Id.* at 105). "'Leased worker' means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. 'Leased worker' does not include a 'temporary worker.'" (*Id.* at 105). "'Temporary worker' means a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." (*Id.* at 106).

The applicability of the Employee Indemnification and Employer's Liability exclusion turns on whether Cisco was an "employee" of ACT *as that term is defined in the policy*.[4] It is important to remain mindful that Nova's policy provides a definition for "employee" so that definition will control the applicability of the exclusion. Because Nova is attempting to avoid coverage based on a policy exclusion, *see* note 3, *supra*, the exclusion *as defined by the policy language itself* must unambiguously apply. In other words, Nova cannot meet its burden as to the exclusion by relying on factors—none of which are mentioned in the policy itself—that Louisiana courts apply in other legal contexts to distinguish independent contractors from employees. Nova's burden is not to establish that Cisco was ACT's employee under Louisiana law but rather that Cisco was ACT's "employee" under the policy. If the policy language itself cannot carry the day for Nova then the exclusion is ambiguous and coverage applies.

Aside from specifically including leased workers and excluding temporary workers,

---

[4] The Fellow Employee exclusion excludes coverage for "bodily injury" to "[a]ny fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business." (Rec. Doc. 47-1 at 98). Thus, this exclusion also turn on "employee" status under the policy. The Court is uncertain how this exclusion would apply under the facts because Aaron Campeaux is the owner of ACT and he only employs one other individual (Roger Miles) who was either not present on the day of the accident or was perhaps driving one of ACT's other trucks in the parade.

the policy's definition of "employee" offers little guidance. In other words, the definition makes no attempt to tell us who besides a "leased worker" actually qualifies as an employee for purposes of the exclusion.[5] In many ordinary fact scenarios this would not be problematic because no one doubts for instance that the cashier at the grocery store is an employee of that establishment, or that the secretary at the law firm is an employee of that business. But Cisco's situation vis à vis ACT is hardly an ordinary fact scenario. Aaron Campeaux needed someone to walk alongside his truck during the Metairie parade and he gave the otherwise unemployed and unoccupied Cisco—whom Campeaux had never met before—$100 in cash to do it. As Nova has repeatedly pointed out, ACT's business is towing and recovery and Cisco was not hired to do anything in terms of towing and recovery. ACT is a small, family-owed company with one undisputed employee, Roger Miles. In the "plain, ordinary, popular sense" of the word "employee," which the policy's own definition does nothing to meaningfully alter, Cisco was not an employee of ACT. But at the very least, the definition of "employee" in the policy is not unambiguous when applied to the out-of-the-ordinary fact situation at issue in this case. Because Nova cannot establish that Cisco was a member of the larger class of individuals that the policy would classify as an "employee," the Court need not determine whether Nova has established that Cisco is not a temporary worker. *See Veuleman v. Mustang Homes, LLC, supra*. In sum, Nova cannot avoid its coverage obligations by relying on any of the "employee" exclusions contained in its policy.

Nova moves for summary judgment on the issue of penalties and attorney's fees. Nova represents that once a claim was filed against its insured it immediately provided a defense (and continues to do so) even though it disputes coverage. Nova contends that ACT's penalties claim is actually grounded on Nova having preemptively filed this declaratory

---

[5] No party contends that Cisco fits the policy's definition of a "leased worker."

action, which is not a basis for imposing penalties and attorney's fees under Louisiana law.

ACT argues, without citation to authority, that Nova had a duty to provide its insured with coverage counsel to defend this declaratory judgment action. (Rec. Doc. 51 at 6).

ACT cites no provision in the policy that required Nova to provide coverage counsel in defense of the declaratory judgment action, and absent such a provision Louisiana law does not impose this duty on Nova. *See Steptore v. Masco Constr. Co.*, 643 So. 2d 1213, 1218 (La. 1994). Even though the Court disagrees with Nova's position on coverage, the dispute was not a frivolous one, and ACT cites no authority to suggest otherwise. Nothing suggests that Nova's decision to file a declaratory judgment action was the result of an incomplete investigation. Because Nova provided its insured with a defense to the action once Cisco made a claim against ACT, the Court can discern no damages that ACT has sustained and ACT's opposition suggests none. The Court is persuaded that Nova is entitled to summary judgment on the claims for damages, penalties, and attorney's fees under the Louisiana Insurance Code.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim, or Alternatively, for Summary Judgment) (Rec. Doc. 45)** filed by Nova Casualty Co. is **GRANTED IN PART AND DENIED IN PART** as explained above;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss/Motion for Summary Judgment (Rec. Doc. 49)** filed by Aaron Campeaux Towing, LLC is **GRANTED** as explained above.

October 1, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE